## Moses Williams *vs.* Samuel Wade.

The indorsee of a note made and indorsed in another State, must do all that is required by the law of that State to charge the indorser, before he can maintain an action against him in this State.

Assumpsit by the indorsee against the indorser of a promissory note made and indorsed in Illinois, where the maker and indorser resided at the time of the making and indorsing.

It was agreed by the parties, for the purposes of this hearing, that by the law of Illinois it is required, in order to charge an indorser of a note, that a suit shall be previously commenced against the maker, and be prosecuted with effect in the county where the maker resides ; and that no such proceedings have been had in this case.

If the defendant is liable, in this Commonwealth, he is to be

Williams *v.* Wade.

defaulted ; otherwise, the case is to be open to the plaintiff on evidence to be adduced.

*Cooke,* for the plaintiff, cited *Braynard* v. *Marshall,* 8 Pick. 194.   *Titus* v. *Hobart,* 5 Mason, 379.   *Saul* v. *His Creditors,* 17 Martin, 569.   Story's Conflict of Laws, 269.   *Pearsall* v. *Dwight,* 2 Mass. 89.   *Lincoln* v. *Battelle,* 6 Wend. 485.

*Choate,* for the defendant, cited *Mason* v.˙ *Wash,* 1 Breese, 16.   *Aymar* v. *Sheldon,* 12 Wend. 439.   Bayley on Bills, (2d Amer. ed.) 84.   Story's Conflict of Laws, 222, 261, 263, 282, 284, 288, 298.

Shaw, C. J.   The note declared on, being made in Illinois, both parties residing there at the time, and it also being indorsed in Illinois, we think that the contract created by that indorsement must be governed by the law of that State.   The law in question does not affect the remedy, but goes to create, limit, and modify the contract effected by the fact of indorsement.   In that which gives force and effect to the contract, and imposes restrictions and modifications upon it, the law of the place of contract must prevail when another is not looked to as a place of performance.   Suppose it were shown that by the law of Illinois, the indorsement of a note by the payee merely transferred the legal interest in the note to the indorsee, so as to enable him to sue in his own name, but imposed no conditional obligation on the indorser to pay ; it would hardly be contended that an action could be brought here, upon such an indorsement, if the indorser should happen to be found here, because by our law such an indorsement, if made here, would render the indorser conditionally liable to pay the note.

By the law of Illinois, the indorser is liable only after a judgment obtained against the maker ; and as no such judgment appears to have been obtained on this note, the condition upon which alone the plaintiff may sue is not complied with, and therefore the action cannot be maintained.